# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| WASHINGTON HOSPITALITY ASSOCIATION, a Washington nonprofit trade association, on behalf of its members; AND RUNNING REBELS OWNER LLC, a foreign limited liability company, individually and on behalf of all others similarly situated,<br><br>Appellants,<br><br>v.<br><br>JOHN WILSON, KING COUNTY ASSESSOR, an individual in his official capacity,<br><br>Respondent. | No. 87714-3-I<br><br>DIVISION ONE<br><br>PUBLISHED OPINION |

MANN, J. — The Washington Hospitality Association (WHA) filed a class action lawsuit against the King County Assessor (Assessor) seeking declaratory relief and/or a writ of mandamus that the COVID-19 pandemic was a natural disaster for the purposes of property tax relief. On cross-motions for summary judgment, the trial court ruled for the Assessor. We affirm.

I

The underlying facts are undisputed. WHA is a nonprofit trade group association that includes over 60 owners or taxpayers for hotel properties in King County.

On February 29, 2020, Washington State Governor Jay Inslee issued a state of emergency for all counties in Washington. On March 12, 2020, Governor Inslee successfully asked President Donald Trump to declare a "major disaster" for Washington State.

In 2022, WHA filed claims with the Assessor seeking tax relief under RCW 84.70.010(1) alleging that it was entitled to property tax relief because the COVID-19 pandemic was a natural disaster.

In 2023, the Assessor reviewed and denied the claims for tax relief. WHA appealed to the King County Board of Equalization and later the Board of Tax Appeals; both appeals were dismissed.

The parties filed cross-motions for summary judgment. The trial court granted summary judgment to the Assessor.

WHA appeals.

II

A

We review summary judgment orders de novo and engage in the same inquiry as the trial court. Davies v. MultiCare Health Sys., 199 Wn.2d 608, 616, 510 P.3d 346 (2022). Summary judgment is proper when there is no genuine dispute of material fact, and the moving party is entitled to judgment as a matter of law. Davies, 199 Wn.2d at 616.

We also review issues of statutory interpretation de novo. M.R. v. State, 4 Wn.3d 702, 709, 568 P.3d 299 (2025). The primary purpose of statutory interpretation is to determine and carry out the legislature's intent. M.R., 4 Wn.3d at 709. "If the statute's

meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." M.R., 4 Wn.3d at 709 (quoting Dep't of Ecology v. Campbell & Gwinn, LLC, 146 Wn.2d 1, 9-10, 43 P.3d 4 (2002)). In determining the plain meaning, we may look to all that the legislature has said in the statute and related statutes, which discloses legislative intent about the provision in question. M.R., 4 Wn.3d at 709. If a statute does not define a term, then we may determine its plain meaning using a standard dictionary. M.R., 4 Wn.3d at 709.

B

WHA argues that it is entitled to property tax relief because the COVID-19 pandemic qualifies as a natural disaster under RCW 84.70.010(1). We disagree.

RCW 84.70.010 allows for the reduction of property value for the purposes of property taxes in some circumstances. Relevant here, the statute provides:

> If, on or before December 31 in any calendar year, any real or personal property placed upon the assessment roll of that year is destroyed in whole or in part, or is in an area that has been declared a disaster area by the governor or the county legislative authority and has been reduced in value by more than twenty percent as a result of a natural disaster, the true and fair value of such property shall be reduced for that assessment year by an amount determined by taking the true and fair value of such taxable property before destruction or reduction in value and deduct therefrom the true and fair value of the remaining property after destruction or reduction in value.

RCW 84.70.010(1). (Emphasis added.) The parties are concerned with the underlined portion of the statute, which was added in 1981 after the Mount St. Helens eruption. LAWS OF 1981, ch. 274. It is undisputed that WHA's properties sustained no physical damage in whole or in part by the COVID-19 pandemic. It is also undisputed that Governor Inslee declared all Washington counties a "disaster area" in March 2020 and

-3-

that all of WHA's properties were in a disaster area.  Therefore, the analysis turns to the language "as a result of a natural disaster."  RCW 84.70.010(1).

"Natural disaster" has the following dictionary definitions:

a sudden and terrible event in nature (such as a hurricane, tornado, or flood) that usually results in serious damage and many deaths;[1]

a natural event that causes great damage or loss;[2]

any calamitous occurrence generated by the effects of natural, rather than human-driven, phenomena that produces great loss of human life or destruction of the natural environment, private property, or public infrastructure.  A natural disaster may be caused by weather and climate events or by earthquakes, landslides, and other occurrences that originate at Earth's surface or within the planet itself.  No spot on Earth is immune from a natural disaster; however, certain types of disasters are often limited to or occur more frequently in specific geographic regions;[3]

a natural event such as a flood, earthquake, or tsunami that kills or injures a lot of people.[4]

To determine the plain meaning of the statute, we look at other provisions within the statutory scheme.  Samish Indian Nation v. Wash. Dep't of Licensing, 14 Wn. App. 2d 437, 442, 471 P.3d 261 (2020).  Other provisions in Title 84 use the term natural disaster.  For example, RCW 84.36.810 addresses tax exemptions and circumstances where the cessation of a use that supported the exemption would no longer apply.  The statute allows for the continued use of the exemption if the cessation of the approved use was the result of a "natural disaster such as a flood, windstorm, earthquake, or

---

[1] MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/natural%20disaster (last visited Mar. 26, 2026).

[2] OXFORD ENGLISH ONLINE DICTIONARY, https:// www.oed.com/search/dictionary/?scope=Entries& q=natural+disaster (last visited Mar. 26, 2026).

[3] BRITANNICA ONLINE DICTIONARY, https://www.britannica.com/science/natural-disaster (last visited Mar. 26, 2026).

[4] CAMBRIDGE ONLINE DICTIONARY, https://dictionary.cambridge.org/us/dictionary/english/natural-disaster (last visited Mar. 26, 2026).

other such calamity rather than by virtue of the act of the organization, association, or corporation changing the use of such property." RCW 84.36.810(2)(d); see also RCW 84.33.140(15) (using same description for natural disaster); RCW 84.34.108(6)(c) (same); RCW 84.40.038(2)(d) (extends a filing deadline if the missed deadline was "due to a natural disaster such as flood or earthquake.").

These related provisions disclose legislative intent. These provisions describe the term natural disaster as something that is physically destructive and weather-related. It follows that natural disaster should have a similar meaning in RCW 84.70.010(1). Samish, 14 Wn. App. 2d at 443 (explaining that when an identical word or phrase is used more than once in the same act, there is a presumption that they have the same meaning). As the Assessor points out, none of these definitions include a pandemic, virus, or any other illness. See Lucid Grp. USA, Inc. v. Dep't of Licensing, 33 Wn. App. 2d 75, 81, 559 P.3d 545 (2024) (explaining that this court cannot add words where the legislature has chosen not to include them). Rather, these provisions describe a physically destructive event in nature that originates in the Earth's surface.

WHA lastly argues that the statute is designed to provide relief for the loss in value caused by the COVID-19 pandemic. We disagree. WHA relies on the legislature's amendment in 1981 adding the natural disaster language, in response to the Mount St. Helens eruption. As the Assessor agrees, the legislature intended to provide relief for property owners whose property was reduced in value as a result of the secondary impacts from the eruption of Mount St. Helens. But the Mount St. Helens eruption still falls under the traditional definition of natural disaster because it is a physically destructive event originating in the Earth's surface. Therefore, this legislative

-5-

history does not change the analysis because it does not affect the definition of a "natural disaster."

Considering the related statutory provisions and the dictionary definitions, we conclude, like the trial court, that a "natural disaster" means a physically destructive event in nature that originates in Earth atmosphere, surface, or within the planet. Accordingly, the trial court did not err when it awarded summary judgment to the Assessor.

We affirm.[5]

_____
Mann, J.


WE CONCUR:

_____          _____
Coburn, J.                                                    Díaz, J.

---

[5] WHA also argues that Washington State accessed funds for the COVID-19 pandemic under a similar definition of "natural catastrophe." It argues that it would be illogical to conclude that the COVID-19 pandemic was a natural disaster for federal assistance but to reach a different conclusion for property tax relief. We disagree. It is not relevant to this analysis. The fundamental objective of statutory interpretation is to ascertain and give effect to the legislature's intent. M.R., 4 Wn.3d at 709. We do not look to unrelated circumstances to decipher the meaning of a statute.